J-A23033-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CHAD EARL FRANTZ :
:
Appellant : No. 1572 MDA 2021

Appeal from the PCRA Order Entered November 15, 2021
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0002297-2015

BEFORE: BOWES, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED: NOVEMBER 15, 2022**

Appellant Chad Earl Frantz files this appeal from the order of the Court of Common Pleas of Lancaster County denying his petition pursuant to the Post-Conviction Relief Act (PCRA).[1] Appellant claims his trial counsel was ineffective in pursuing a line of questioning of the victim on cross-examination. After careful review, we affirm.

On December 2, 2015, a jury convicted Appellant of Rape of a Child, Involuntary Deviate Sexual Intercourse with a Child (IDSI), Aggravated Indecent Assault of a Child, Indecent Assault of a Child, Unlawful Restraint, Corruption of Minors and Unlawful Contact with a Minor in connection with claims that Appellant sexually abused his minor stepdaughter over a six-year period when the victim was between the ages of four and ten.

---

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

After reviewing a pre-sentence investigation, on March 9, 2016, the trial court held a hearing at which it determined that Appellant was a sexually violent predator and sentenced him to an aggregate term of 30½ to 61 years' imprisonment.

On appeal, on April 24, 2017, this Court reversed Appellant's conviction for indecent assault, affirmed the judgment of sentence in all other respects, and determined resentencing was not necessary. **Commonwealth v. Frantz**, 702 MDA 2016, 2017 WL 1437530, at *1 (Pa.Super. Apr. 24, 2017) (unpublished memorandum).

On August 23, 2017, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed Appellant counsel who subsequently sought to withdraw his representation and filed a no-merit brief. On March 27, 2018, the PCRA court dismissed the petition. On July 19, 2019, this Court vacated the order dismissing the petition and remanded for the appointment of counsel to file a new petition as Appellant had been denied the right of earnest review of his PCRA claims with the assistance of counsel. **Commonwealth v. Frantz**, 703 MDA 2018, 2019 WL 3229750, at *4 (Pa.Super. July 17, 2019) (unpublished memorandum).

Upon remand, the PCRA court appointed new counsel, who filed an amended PCRA petition on November 1, 2019. After Appellant filed a *pro se* petition on November 18, 2019, counsel filed a second amended petition on October 2, 2020.

Appellant's petition alleged that trial counsel was ineffective in asking the victim a series of questions on cross-examination about whether she had reported certain details about the abuse to the investigating detective. When the victim indicated that she had not told the officer some of the details that she shared at trial, the prosecution was permitted to play a recording of the victim's prior forensic interview with caseworkers where she had made a prior consistent statement.

On July 20, 2021, the PCRA court held an evidentiary hearing at which Appellant presented trial counsel as a witness. On November 12, 2021, the PCRA court dismissed Appellant's petition. This timely appeal followed.

Appellant presents the following issues for review on appeal:

I.   Trial counsel testified that his reasonable strategic basis for opening the door to the victim's prior consistent statement was an attempt to discredit her. He incorrectly accused her of recently fabricating details of two incidents during cross-examination. Did the PCRA court err when it held that trial counsel had a reasonable basis for his questions?

II.  The PCRA court found that the prosecutor's admission of a prior consistent statement – specifically, a recording of the victim's forensic interview – was not prejudicial. It reached that conclusion on two bases: The recording was cumulative of (*i.e.*, consistent with) other evidence, and other evidence, although created by the victim, supported [Appellant's] guilt. Did the PCRA court err when it held that the admission of the recorded interview was not prejudicial?

Appellant's Brief, at 4.

In reviewing the denial of a PCRA petition, our standard of review is well-established:

[o]ur review of the grant or denial of PCRA relief is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. **Commonwealth v. Cox**, 636 Pa. 603, 146 A.3d 221, 226 n.9 (2016). The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions. **Commonwealth v. Burton,** 638 Pa. 687, 158 A.3d 618, 627 n.13 (2017).

**Commonwealth v. Small**, 647 Pa. 423, 440–41, 189 A.3d 961, 971 (2018).

Appellant's petition raises claims of trial counsel's ineffectiveness. Our review of an ineffectiveness claim is guided by the following principles:

[a]s originally established by the United States Supreme Court in **Strickland v. Washington**, 466 U.S. 668, [104 S.Ct. 2052, 80 L.Ed.2d 674] (1984), and adopted by Pennsylvania appellate courts, counsel is presumed to have provided effective representation unless a PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome at trial if not for counsel's error.

**Commonwealth v. Wantz**, 84 A.3d 324, 331 (Pa.Super. 2014) (citations omitted). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." **Commonwealth v. Daniels**, 600 Pa. 1, 963 A.2d 409, 419 (2009).

**Commonwealth v. Selenski**, 228 A.3d 8, 15 (Pa.Super. 2020).

With respect to the reasonable basis prong, "[g]enerally, where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests."

***Commonwealth v. Koehler***, 614 Pa. 159, 36 A.3d 121, 132 (2012) (quotations and citation omitted). "In making this assessment we are not to employ a hindsight evaluation to determine whether other alternatives may have been more reasonable, but whether there was a reasonable basis for the course of action actually selected." ***Commonwealth v. Charleston***, 94 A.3d 1012, 1027 (Pa.Super. 2014) (citation omitted). To show counsel's strategy lacked a reasonable basis, Appellant must prove that the strategy employed by trial counsel "was so unreasonable that no competent lawyer would have chosen that course of conduct." ***Commonwealth v. Rega***, 593 Pa. 659, 696, 933 A.2d 997, 1018–19 (2007) (citation omitted).

Further, to satisfy the prejudice prong, "the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. [A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding." ***Selenski***, 228 A.3d at 16 (quoting ***Commonwealth v. Spotz***, 624 Pa. 4, 84 A.3d 294, 311-12 (2014) (citations, quotation marks, and quotations omitted)).

As noted above, Appellant asserts that trial counsel had no reasonable basis to suggest on cross-examination that the minor victim was making up details about her sexual abuse during her trial testimony. Appellant claims that trial counsel's questioning opened the door for the prosecution to rehabilitate the victim's credibility pursuant to Pa.R.E. 613(c) with the admission of prior consistent statements.

It is well established that:

> Evidence of a witness's prior consistent statement is admissible to rehabilitate the witness when the statement is offered to rebut a charge of recent fabrication, bias, or improper motive. **Commonwealth v. Counterman**, 553 Pa. 370, 719 A.2d 284, 301 (1998); Pa.R.E. 613(c). … "[A] prior consistent statement is always received for rehabilitation purposes only and not as substantive evidence." **Commonwealth v. Baumhammers**, 599 Pa. 1, 960 A.2d 59, 89 (2008) (citing Pa.R.E. 613 cmt).

**Commonwealth v. Busanet**, 618 Pa. 1, 53, 54 A.3d 35, 66–67 (2012).

In this case, Appellant points to two portions of the victim's trial testimony. In the first instance, the victim testified that Appellant had dumped a bottle of water on her on one of the occasions in which he sexually abused her. Notes of Testimony (N.T.), Trial, 11/30/15, at 163. In the second instance, the victim recalled that Appellant concocted a "game" in which he blindfolded her, placed objects in her hand, and asked her to guess what the objects were. N.T., 11/30/15, at 164.

With respect to both incidents, trial counsel was able to get the victim to admit on cross-examination that she had not shared some of these specific details with investigators. The victim explained that she had not remembered the details when speaking with the detective. N.T., 11/30/15, at 164.

In response to defense counsel's allegation that the victim failed to report these specific details to the police, the trial court permitted the Commonwealth to play a recording of the victim's forensic interview at the Lancaster County Children's Alliance in which the victim gave prior consistent statements reporting these specific allegations of abuse to caseworkers.

At the hearing, trial counsel indicated that his strategy was to discredit the minor victim by showing that her testimony should not be believed as she was suggestible to the coaching of her mother who was in the midst of separating from Appellant. Notes of Testimony (N.T.), PCRA hearing, 7/20/21, at 9-10, 26. Trial counsel claimed the defense had no possibility of winning the case without attacking the victim's credibility. N.T., 7/20/21, at 43-44.

Trial counsel indicated that he noticed that the victim was embellishing her testimony on the witness stand with details she had not told investigators. Trial counsel was able to successfully impeach the victim's credibility in compelling her to agree that she was testifying to allegations she had not shared with the police. This admission by the victim allowed trial counsel to suggest that the victim was fabricating her testimony and that the abuse had in fact, never occurred. As such, trial counsel had a reasonable basis for asking these questions that was designed to effectuate the interest of the defense.

We also agree with the PCRA court's assessment that Appellant did not show the admission of the forensic interview was so prejudicial that it resulted in a different outcome in this case. After trial counsel effectively impeached the victim's credibility, trial counsel did open the door to the admission of the forensic interview; however, the recording did not reveal any new information to the jury, but simply offered cumulative evidence already in the record.

The trial court also took precautionary measures to ensure the jury knew of the limited purpose for which the forensic interview was offered. Before the recording of the interview was played for the jury, the trial court

specifically instructed the jury that the recording was being offered solely for the purpose of assessing the credibility of the victim, and not as substantive evidence of Appellant's guilt.  N.T., 12/1/15, at 364-66.

Moreover, the prosecution presented other evidence to corroborate the victim's testimony such as her prior disclosures of the abuse to her family members and friends, including her mother, sister, and friend.  In addition, the prosecution pointed to the victim's writings referring to the abuse as well as the circumstantial evidence which supported Appellant's opportunity to commit the abuse.

Based on the foregoing reasons, we conclude that the PCRA court correctly found trial counsel was not ineffective in seeking impeach the victim's credibility by highlighting that she was testifying to particular allegations that she had not presented to investigators.  Accordingly, we affirm the PCRA court's decision to deny Appellant's petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/15/2022